WALKER STEVENS CANNOM YANG LLP
Hannah L. Cannom (SBN 245635)
hcannom@wscllp.com
Bethany M. Stevens (SBN 245672)
bstevens@wscllp.com
500 Molino Street #118
Los Angeles, CA 90013
Telephone:   (213) 337-9972
Facsimile:   (213) 403-4906

*Attorneys for Non-Party Apple Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDIO MPEG, INC., ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> HP INC., ET AL., <br><br> Defendants. <br><br> vs. <br><br> SOCIETA ITALIANA PER LO SVILUPPO DELL'ELETTRONICA SPA and SISVEL US <br><br> Third-Party Defendants. | Case No.: <br><br> (2:15-cv-00073-MCH-RJK; 2:16-cv-00082-HCM-RJK; pending in the E.D. VA.) <br><br> NON-PARTY APPLE INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF <br><br> Date: <br> Time: |

Case No.: CV 16 80271 MISC.

FILED DEC 23 2016  SUSAN Y. SOONG, CLERK, U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE



NON-PARTY APPLE INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA TO PRODUCE
DOCUMENTS IN A CIVIL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
- 1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on a date and time to be determined by the Court, California resident and non-party Apple Inc. will and hereby does move, pursuant to Federal Rule of Civil Procedure 45(d), for an order quashing the Subpoena to Produce Documents in a Civil Action served upon it by Defendant Dell Inc. in *Audio MPEG, Inc. et al. v. HP Inc., et al.*, Case Nos. 2:15-cv-00073-HCM-RJK, 2:16-cv-00082-HCM-RJK, pending in the United States District Court for the Eastern District of Virginia.

Apple moves to quash this subpoena in the United States District Court for the Northern District of California pursuant to Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure because the subpoena demands that Apple produce documents and appear for a deposition in San Francisco, California. Pursuant to Civil Local Rule 37-1, counsel for Apple met and conferred with counsel for Dell on the following dates: August 12, 2016; August 22, 2016; December 1, 2016; December 7, 2016, and December 22, 2016.[1] Dell refused to meaningfully limit the subpoena.

Apple makes this motion based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declarations of Hannah L. Cannom in support thereof, the files and records in this case, and any argument as may be presented at the hearing on the Motion.

## STATEMENT OF THE ISSUES

1. Should the Court quash the subpoena to non-party Apple under Federal Rule of Civil Procedure 45(d)(3)(A) as overbroad and unduly burdensome because (a) it seeks documents and testimony that are available through party discovery, (b) it seeks large swaths of privileged information, (c) the time period is overbroad, and (d) it seeks irrelevant information?

---

[1] As set forth in the Memorandum, the Court halted discovery in the underlying litigation by order dated August 23, 2016 pending resolution of a Motion to Disqualify Dell's counsel, Winston & Strawn LLP, filed by the plaintiff. Apple resumed negotiations with Dell's replacement counsel after discovery re-commenced, with a new discovery deadline of January 17, 2016.

NON-PARTY APPLE INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA TO PRODUCE
DOCUMENTS IN A CIVIL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
- 1 -

2. Should the Court quash the subpoena to non-party Apple under Federal Rule of Civil Procedure 26(b) because the information sought from Apple is not proportional to the needs of the case?

3. Should the Court sanction Dell under Federal Rule of Civil Procedure 45(d)(1) because it failed to avoid imposing undue burden and expense on non-party Apple and/or should the Court shift Apple's costs of compliance to Dell if it does not quash the subpoena?

Dated this 23rd day of December, 2016     WALKER STEVENS CANNOM YANG LLP

/s/ Hannah L. Cannom
Hannah L. Cannom

*Attorneys for Non-Party Apple Inc.*

**TABLE OF CONTENTS**

I. INTRODUCTION..................................................................................................1

II. FACTUAL BACKGROUND................................................................................3

III. THE COURT SHOULD QUASH THE SUBPOENA.........................................6

    A. Legal Standard.................................................................................................6

    B. The Subpoena Is Overbroad and Unduly Burdensome....................................7

        1. The Subpoena Is Unduly Burdensome Because It Improperly Seeks Information Available Through Party Discovery..........................7

        2. The Subpoena Improperly Seeks Large Swaths of Privileged Information........................................................................................9

        3. The Time Period Is Overbroad.........................................................10

        4. The Subpoena is Overbroad and Seeks Irrelevant Information ......10

    C. The Discovery Sought Is Not Proportional to the Needs of the Case................12

    D. The Court Should Sanction Dell or Shift Apple's Cost of Compliance to It ......13

IV. CONCLUSION...................................................................................................13

# TABLE OF AUTHORITIES

**CASES**

*Ameritox, Ltd. v. Millennium Labs., Inc.*,
 2012 WL 6568226 (N.D. Ill. Dec. 14, 2012) ......................................................................8

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
 300 F.R.D. 406 (C.D. Cal. 2014) ........................................................................................7

*AngioScore, Inc. v. TriReme Med., Inc.*,
 Case No. 12-cv-03393-YGR (JSC), 2014 WL 6706873
 (N.D. Cal. Nov. 25, 2014) . ............................................................................................7, 11

*Arista Records LLC v. Lime Group LLC*,
 Case No. 06-cv-5936 (KMW), 2011 WL781198 (S.D.N.Y. Mar. 4, 2011) ..............9, 12

*Century Sur. Co. v. Master Design Drywall, Inc.*,
 Case No. 09-cv-0280, 2010 WL 2231890 (S.D. Cal. June 2, 2010) ....................2, 7, 10

*Chevron Corp. v. Donziger*,
 Case No. 13-MC-80038 CRB (NC), 2013 WL 1402727 (N.D. Cal. Apr. 5, 2013) .........7

*Compaq Computer Corp. v. Packard Bell Elecs., Inc.*,
 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) ........................................................................12

*Concord Boat Corp. v. Brunswick Corp.*,
 169 F.R.D. 44, 50 (S.D.N.Y. 1996) .............................................................................11, 12

*Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*,
 209 F.R.D. 208 (D. Kan. 2002) .........................................................................................2, 7

*In re Subpoena to Produce Documents of Clapp, Moroney,
Bellagamba, Vucinich, Beeman & Scheley*,
 Case No. 14-mc-80191-RS (JSC), 2014 WL 3784112 (N.D. Cal. July 31, 2014) .........7, 8

*Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*,
 123 F. Supp. 3d 1215 (N.D. Cal. 2015) ..........................................................................7, 9

*Legal Voice v. Stormans Inc.*,
 738 F.3d 1178 (9th Cir. 2013) ........................................................................................2, 13

*Lemberg Law LLC v. Hussin*,
 Case No. 16-mc-8066-JCS, 2016 WL 3231300 at *5 (N.D. Cal. Jun. 13, 2006) ....2, 9, 12

*Mattel, Inc. v. Walking Mountain Productions*,
   353 F.3d 792, 813 (9th Cir. 2003) ............................................................................11

*Moon v. SCP Pool Corp.*,
   232 F.R.D. 633 (C.D. Cal. 2005) ........................................................................*passim*

*Nidec Corp. v. Victor Co. of Japan*,
   249 F.R.D. 575 (N.D. Cal. 2007) ..........................................................................1, 8

*Rankine v. Roller Bearing Co. of Am., Inc.*,
   Case No. 12-cv-2065-IEG (BLM), 2013 WL 3992963 (S.D. Cal. Aug. 5, 2013) ..........11

*Soto v. Castlerock Farming & Transp., Inc.*,
   282 F.R.D. 492 (E.D. Cal. 2012) ..............................................................................9

*Trunk v. City of San Diego*,
   Case No. 06 CV 1597 LAB (WMc), 2007 WL 2701356 (S.D. Cal. Sept. 13, 2007)...9, 13

**FEDERAL RULES**

Fed. R. Civ. P. 26 ...........................................................................................*passim*

Fed. R. Civ. P. 45 ...........................................................................................*passim*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Non-party Apple Inc. moves to quash the Subpoena to Produce Documents in a Civil Action served by Defendant Dell Inc.[2] In serving this subpoena, Dell has ignored its obligation to avoid imposing an undue burden on a non-party and has violated the basic tenets of non-party discovery. For its part, Apple has worked diligently to comply with its obligations, to try to reach agreement with Dell to narrow the scope of the subpoena, and to obviate the need for this motion. Indeed, Apple is conducting an onerous document review of thousands of internal emails collected from five Apple custodians requested by Dell based on Dell's statement that it would set aside its request for a deposition until Apple determined if it had any non-privileged documents. But all five custodians identified by Dell are attorneys, two no longer work at Apple, and the reviewed documents are all either privileged or not relevant to the present dispute. All collected documents are also the highly confidential business records of a non-party to the underlying litigation. Notwithstanding Apple's efforts, Dell has demanded that it provide dates for deposition, *despite* Apple's confirmation that it has not identified any non-privileged documents to produce. Instead, Dell has changed position and indicated that it intends to depose Apple on documents produced by Plaintiff in the underlying litigation, but Apple has no relevant, non-privileged, non-cumulative testimony regarding these documents. As such, Apple has no choice but to file the instant motion to quash the subpoena in its entirety. The subpoena is improper for at least the following reasons.

*First*, most of the documents and testimony demanded by Dell are available from parties to the litigation; Dell need not subpoena a non-party for documents and testimony available through party discovery. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant.").

---

[2] While the subpoena is titled a "Subpoena to Produce Documents in a Civil Action," it purports to seek both documents and testimony from Apple. Apple moves to quash the demand for both documents and testimony.

NON-PARTY APPLE INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA TO PRODUCE
DOCUMENTS IN A CIVIL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
- 1 -

*Second*, the document requests and deposition topics—to the extent that they seek internal Apple documents, communications, and belief—seek privileged and largely irrelevant information from a non-party and are therefore improper. *Lemberg Law LLC v. Hussin*, Case No. 16-mc-80066-JCS, 2016 WL 3231300, at *5-6 (N.D. Cal. June 13, 2016).

*Third*, the document requests and deposition topics are facially overly broad and unduly burdensome to non-party Apple—the subpoena repeatedly demands "all documents" and testimony related to overbroad, untailored categories, and Dell has repeatedly refused to meaningfully narrow the scope of the documents and testimony it seeks despite numerous meet and confers. *See Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 215 (D. Kan. 2002) (finding that requests to non-parties that "seek 'any and all' documents … [are] overly broad, vague and ambiguous on their face").

*Fourth*, the subpoena seeks documents and testimony from at least a fifteen-year period despite this period bearing no relevance to the claims at issue in the underlying litigation. Standing alone, the demand for such documents and testimony is sufficiently overbroad to render the subpoena unduly burdensome. *See, e.g., Century Sur. Co. v. Master Design Drywall, Inc.*, Case No. 09-cv-0280, 2010 WL 2231890, at *2 (S.D. Cal. June 2, 2010) (holding that "the scope of [the subpoena's] requests [are] overbroad and burdensome on their face" where they seek documents from an eleven-year time frame).

*And finally*, the discovery sought by the subpoena is not "proportional to the needs of the case," because the burden and expense that compliance would impose on Apple outweighs any possible benefit of such discovery. Fed. R. Civ. P. 26(b)(1). This is especially true given Dell's recent insistence that Apple undertake an onerous privilege review and provide two Apple attorneys for deposition. For these reasons, and as set forth in greater detail below, Apple respectfully requests that the Court quash the subpoena.

*Additionally*, the Court should issue sanctions against Dell for its refusal to take reasonable steps to "avoid imposing undue burden or expense." Fed. R. Civ. P. 45(d)(1); *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013) (emphasis added). Accordingly, the

Court should sanction Dell for the costs Apple incurred in responding to this subpoena, including legal fees associated with the bringing of this motion.

## II.     FACTUAL BACKGROUND

On December 12, 2015, Audio MPEG sued Dell for patent infringement in the United States District Court for the Eastern District of Virginia. In its counter-claims to Audio MPEG's patent infringement suit, filed on July 15, 2016, Dell has accused Audio MPEG, Philips, TDF SAS, Institute fur Rundfunktechnik, and Societa Italiana per lo Sviluppo dell'Elettronica, S.p.A. of violating the Sherman Act. *Audio MPEG, Inc., et al. v. HP, Inc., et al.*, Case No. 2:15-cv-0073-HCM-RJK, ECF No. 183. Dell appears to be trying to use certain facts related to a "Side Letter to the 2006 Hardware and Software License Agreements" (the "2006 Side Letter") between Apple and Audio MPEG to attempt to support these claims. Declaration of Hannah L. Cannom in Support of Non-Party Apple Inc.'s Motion to Quash Subpoena ("Cannom Decl.") at ¶ 5.

On August 4, 2016, Dell served a document entitled "Subpoena to Produce Documents in a Civil Action" to Apple. *Id.* at ¶ 2, Ex. A. This subpoena included six pages of definitions and instructions demanding both documents and testimony from Apple. *Id.* The subpoena also demanded documents in twenty-two separate categories and testimony on nineteen different topics and was largely unbounded by time, but in certain instances sought documents over a fifteen-year time period. *Id.* The subpoena gave Apple twelve days to produce documents and set a deposition for fifteen days after service. *Id.*

The subpoena demanded documents in four broad categories: (i) *all* documents that refer or relate to Counter-Defendants, the Asserted Patents, and/or royalty payments or rates (Request Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 15, 16, and 17); (ii) *any* Apple agreement with *any* third-party, without regard to product, that includes a clause related to litigation or licensing of Apple competitors (Request No. 6), (iii) documents sufficient to show Apple's competitors in the MP2, MP3, and DVD market (Request Nos. 12, 13); and (iv) internal Apple sales documents *from*

*2001 to present* for all iPods, iPads, iPhones, MacBooks, and iMacs sold in the United States and worldwide (Request Nos. 18, 19, 20, 21, and 22). Cannom Decl. ¶ 2, Ex. A.

The subpoena further demanded testimony in five broad categories: (i) the authenticity of any documents produced (Topic No. 1); (ii) information pertaining to Counter-Defendants, the Asserted Patents, and/or royalty payments or rates (Topic Nos. 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 15, 16, 17, and 18); (iii) *any* Apple license that includes a clause related to litigation or licensing of Apple's competitors (Topic No. 7); (iv) information regarding Apple's competitors in the MP2, MP3, and DVD market (Topic Nos. 13, 14); and (v) annual and monthly unit sales in the United States and worldwide, from 2001 to present, for Apple's iPods, iPads, iPhones, MacBooks, and iMacs (Topic No. 19). *Id.*

The parties first met and conferred regarding the scope of the subpoena on August 12, 2016. At that time, with respect to Request No. 6 and Topic No. 7 above, Dell agreed it would no longer pursue internal Apple documents and testimony unrelated to the parties in the instant litigation.[3] *Id.* ¶ 6. Dell would not agree to limit any other Requests or Topics. *Id.*

Due to the subpoena's remarkable breadth, Apple's non-party status, the availability of many of the documents in party discovery, the lack of proportionality of the requests to the needs of the case, the burden that complying with the subpoena would impose on Apple, and the irrelevance of the documents sought, Apple timely objected pursuant to Rule 45(d)(2)(B) on August 16, 2016 and asked Dell to meet and confer regarding the scope of the subpoena. Cannom Decl. ¶ 7, Ex. B. On August 18, 2016, counsel for Apple asked Dell to confirm that the deposition that it noticed for August 19, 2016, would not go forward so that the parties could engage in a meet and confer. *Id.* ¶ 8. Dell's counsel confirmed. *Id.*

On August 22, 2016, counsel for Apple and Dell met and conferred again regarding the subpoena. *Id.* ¶ 9. Counsel for Apple offered to produce some limited information regarding

---

[3] This Request and Topic are completely irrelevant to the claims and defenses in the underlying litigation and constitute a misguided fishing expedition. *See* Sections II.B.4, II.C., below.

NON-PARTY APPLE INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
- 4 -

internal Apple sales information related to the relevant time period, but Dell indicated that it believed it was entitled to all of the information sought by the subpoena. *Id.* Counsel for Apple requested case law for support of this proposition—and provided case law in support of limiting the subpoena—but Dell's counsel refused to provide any case law. *Id.* ¶¶ 9, 10. On August 23 and 24, 2016, counsel for Dell stated to counsel for Apple via email that Dell would not limit the scope of the information sought. *Id.* ¶ 11. Thereafter, on August 24, 2016, Dell informed Apple that the Court issued a stay of discovery in the matter. *Id.* ¶ 12. The Court stayed discovery pending resolution of a Motion to Disqualify Dell's counsel, Winston & Strawn LLP, and granted the disqualification motion on October 25, 2016. *Audio MPEG, Inc., et al. v. HP, Inc., et al.*, Case No. 2:15-cv-0073-HCM-RJK, ECF No. 311.

Apple received a letter from Dell's new counsel, Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., regarding the subpoena on November 18, 2016. *Id.* ¶ 13, Ex C. Apple and Dell further met and conferred regarding the scope of the subpoena on December 1 and 7, 2016. *Id.* ¶ 14. Although unable to reach a comprehensive agreement, Dell's counsel agreed to table the issue of a deposition while the parties attempted to reach a resolution regarding the document requests and any search and production in response thereto. *Id.* On the call on December 7, 2016, Dell agreed to set aside its request for information that it could get from other sources and focused on Apple's internal communications regarding Audio MPEG. *Id.* ¶ 15. Dell then identified five Apple employees whose names had appeared in the plaintiff's document productions and who Dell believed may possess relevant documents. *Id.* ¶ 16.

Of the Apple employees identified by Dell, all are attorneys and two are no longer employed by Apple. *Id.* In an email dated December 16, 2016, Apple's counsel expressed concern regarding the breadth and burden of the document review which was likely to reveal predominantly privileged documents, and requested guidance from Dell regarding potential cost-shifting. *Id.* ¶ 18, Ex D. In its December 17, 2016, response, and contrary to Apple's understanding from the parties' December 7 2016, conference, Dell demanded deposition dates

for an Apple corporate witness (presumably one of the five Apple attorneys identified by Dell as custodians) as well as for an Apple attorney subpoenaed by Dell in his personal capacity. *Id.*[4]

Apple has collected and nearly completed the review of the documents from the five attorney custodians identified by Dell. *Id.* ¶ 17. To date, it has identified no documents that are relevant and non-privileged. *Id.* Apple informed Dell of this on December 21, 2016 in an email, and requested that Dell withdraw the subpoena. *Id.* at ¶ 18, Ex. D. Dell has refused, however, to withdraw its demands for a deposition and instead changed position to demand a deposition regarding Apple's external communications with Audio MPEG. *Id.* ¶ 20. On December 23, 2016, Dell indicated it would withdraw certain documents and topics if Apple agreed to a deposition of an unspecified length on topics no. 2, 5, 6, and 9. *Id.* ¶ 21, Ex. E. Given the impending holidays—during which Apple is shut down—and the looming close of discovery, Apple has no choice but to proceed with the instant motion to quash. *See id.*

### III. THE COURT SHOULD QUASH THE SUBPOENA

**A. Legal Standard**

Federal Rules of Civil Procedure 26 and 45 work in tandem to protect non-parties from unduly burdensome discovery requests. Rule 26 provides that the court must limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). In turn, Rule 45 requires "[a] party or attorney responsible for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and instructs that "the court for the district where compliance is required must quash or modify a subpoena that ... subjects a person to undue burden." Fed. R. Civ. P. 45(d)(1), (d)(3)(A).

---

[4] Dell has also refused to withdraw the subpoena it issued to Patrick Murphy. Mr. Murphy is moving to quash his subpoena in a separately filed action.

NON-PARTY APPLE INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA TO PRODUCE
DOCUMENTS IN A CIVIL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
- 6

### B. The Subpoena Is Overbroad and Unduly Burdensome

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena." Fed. R. Civ. P. 45(d)(1). The test for undue burden balances "the burden to the subpoenaed party against the value of the information to the serving party . . . ." *AngioScore, Inc. v. TriReme Med., Inc.*, Case No. 12-cv-03393-YGR (JSC), 2014 WL 6706873, at *2 (N.D. Cal. Nov. 25, 2014) (*citing Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005)). "Concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs in a Rule 45 inquiry." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) (internal quotations and citations omitted); *see also Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1218-19 (N.D. Cal. 2015) ("the Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts") (citations omitted).

Courts will also weigh the scope of the subpoena to determine if it is sufficiently overbroad to render the subpoena unduly burdensome. *See, e.g., Century Sur. Co.*, 2010 WL 2231890, at * 2 (holding that the scope of the subpoena's requests is overbroad and burdensome on their face because they sought documents relating to an overbroad time period); *Horizon Holdings, L.L.C.*, 209 F.R.D. at 215 (finding that requests to non-parties that seek "any and all documents" are overly broad, vague and ambiguous on their face).

      1. <u>The Subpoena Is Unduly Burdensome Because It Improperly Seeks Information Available Through Party Discovery</u>

Any information in Apple's possession regarding Category (i) of the Requests and Category (ii) of the Topics is equally available from the parties to the litigation. This Court regularly quashes subpoenas that ask a non-party to search for and produce documents that are available from a party to the litigation. *See, e.g. Chevron Corp. v. Donziger*, Case No. 13-MC-80038 CRB (NC), 2013 WL 1402727, at *6 (N.D. Cal. Apr. 5, 2013) (granting a motion to quash where the subpoenaing party had not shown that the information sought was unavailable from the parties to the underlying action); *In re Subpoena to Produce Documents of Clapp, Moroney,*

*Bellagamba, Vucinich, Beeman & Scheley*, Case No. 14-mc-80191-RS (JSC), 2014 WL 3784112, at *4 (N.D. Cal. July 31, 2014) (quashing subpoena that requested information regarding a party's "knowledge" because that information was available through party discovery); *Ameritox, Ltd. v. Millennium Labs., Inc.*, Case No. 12-cv-7493, 2012 WL 6568226, at *3 (N.D. Ill. Dec. 14, 2012) (subpoena for documents and testimony overbroad where information requested was more readily available from a party). Indeed, this Court has unequivocally declared that "[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendant." *Nidec Corp.*, 249 F.R.D. at 577.

Through this subpoena, Dell ignores this authority, however, and improperly seeks to shift a substantial and unreasonable share of the burden of discovery onto Apple. Indeed, the subpoena brazenly demands "all documents" even though such documents, and any testimony related thereto, are equally in the possession of the Counter-Defendants and have likely been produced in the underlying litigation.[5] For example, in Request for Production No. 1, Dell demands "[a]ll documents in your possession custody or control that refer or relate to any license, proposed license, settlement agreement, proposed settlement agreement or negotiations regarding any license or settlement agreement related to the Patents-in-Suit or the SISVEL Patent Pool." Cannom Decl. ¶ 2, Ex. A at 7. Similarly, in Topic No. 2, Dell demands testimony regarding "Apple's licenses proposed licenses, settlement agreements, proposed settlement agreements, and negotiations regarding the Patents-in-Suit or the SISVEL Patent Pool." *Id.*

But Audio MPEG is the plaintiff in the underlying litigation, and Societa' Italiana Per Lo Sviluppa Dell'Elettronica, and S.I.SV.E.L. are all counter-defendants or third-party defendants. *See generally, Audio MPEG, Inc., et al. v. HP, Inc., et al.*, Case No. 2:15-cv-0073-HCM-RJK. They, not Apple, are in the best position to provide documents and testimony regarding these agreements and negotiations. *See Moon*, 232 F.R.D. at 638 (where requests all pertain to a party to the litigation, documents can more easily and inexpensively be obtained from defendant rather

---

[5] Indeed, Dell's previous counsel admitted on a meet and confer with counsel for Apple that it did not know what was in Plaintiffs' document production. Cannom Decl. ¶ 9.

NON-PARTY APPLE INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
- 8 -

than the non-party); *see also Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) ("[W]hen an opposing party and a non-party both possess documents, the documents should be sought from the party to the case."); *Intermarine*, 123 F. Supp. 3d at 1218 (finding testimony "unnecessary" where available from a party witness). Indeed, Dell admits that Counter-Defendants have already produced over 600,000 pages in the underlying litigation. *Audio MPEG, Inc., et al. v. HP, Inc., et al.*, Case No. 2:15-cv-0073-HCM-RJK, ECF No. 242 at 4. Because this information exists with the counter-defendants to the underlying litigation and has likely been produced there, the Court should quash the subpoena as it relates to these Requests and Topics. Fed. R. Civ. P. 45(d)(3)(A)(iii).

      2. <u>The Subpoena Improperly Seeks Large Swaths of Privileged Information</u>

  Dell has requested that Apple collect and search the internal documents of five Apple employees, all of whom are attorneys. Dell has further demanded that Apple schedule depositions of these attorneys despite these witnesses having no non-privileged information that is not equally available to parties to the litigation. Indeed, these demands seek information that is subject to attorney-client privilege and work product protection and that has only marginal relevance to the claims at issue in the underlying litigation. *Cf. Lemberg Law LLC*, 2016 WL 3231300 at *5-6 (granting lawyer's motion to quash subpoena that sought privileged information) (*citing Trunk v. City of San Diego*, Case No. 06 CV 1597 LAB (WMc), 2007 WL 2701356, at *7 (S.D. Cal. Sept. 13, 2007)), objections overruled, 2007 WL 3001679 (Oct. 11, 2007); *see also Arista Records LLC v. Lime Group LLC*, No. 06 CV 5936(KMW), 2011 WL781198, at *3 (S.D.N.Y. Mar. 4, 2011) (finding magistrate's order compelling non-party licensees to produce internal communications regarding plaintiffs was clearly erroneous because the burden outweighed any benefit).

  Apple is not a party to the underlying litigation. Dell's demand that Apple provide a witness when it has reviewed of thousands of documents and not unearthed any that are non-privileged is improper. *Trunk*, 2007 WL 2701356, at * 7 (quashing subpoena where the issuing party could at most perhaps "craft a few relevant and meaningful deposition questions that did

not run afoul of" the attorney client privilege to obtain an "extremely limited amount of historical information"). The Court should therefore quash this subpoena.

### 3. The Time Period Is Overbroad

As an initial matter, Dell's refusal to narrow the requests or provide a time frame for relevant documents or testimony regarding Categories (i), (ii) and (iii) of the Requests and Categories (ii), (iii), and (iv) of the Topics makes Apple's compliance with those portions of the subpoena virtually impossible. Further, Dell's demand for documents and testimony spanning fifteen years in Category (iv) of the Requests and Category (v) of the Topics renders the subpoena invalid on its face.[6] *See Century Sur. Co.*, 2010 WL 2231890, at * 2 (where subpoena sought documents from 1999 to 2010, it is overbroad and burdensome on its face); *Moon*, 232 F.R.D. at 638 (finding that a subpoena's requests were "overbroad on their face and exceed the bounds of fair discovery since they seek documents covering over a ten year or greater period") (internal quotations and citations omitted).

Moreover, the time period for which Dell seeks documents bears no relationship to the claims and defenses in the underlying litigation. The subpoena inexplicably seeks documents from 2001 to the present. Cannom Decl. ¶ 2, Ex. A at 11, 15. Because the subpoena demands documents and testimony from an exceedingly long and unjustified time period (and, in some places, no time period at all), and because its temporal scope has no bearing on the claims and defenses in the underlying litigation, it is overbroad and the Court should quash it.

### 4. The Subpoena is Overbroad and Seeks Irrelevant Information

Dell's subpoena seeks to impose upon Apple the burden to investigate, gather, produce, prepare a witness, and testify regarding a countless number of documents and communications that bear little relevance to any substantive matters in the underlying litigation.[7] Such burden to

---

[6] Not only do these Requests and Topics demand information spanning a fifteen-year time period, but they are also overbroad in that they demand information on virtually every piece of hardware that Apple has sold or offered for sale during this time period.

[7] Dell may argue that it has tailored the subpoena to only require testimony of Apple witnesses regarding its negotiations with Audio MPEG. But the resulting topic is still overly broad and

a non-party is clearly unjustifiable, especially where, as here, the issuing party has made little effort to tailor the subpoena to targeted information. *Rankine v. Roller Bearing Co. of Am., Inc.*, Case No. 12-cv-2065-IEG (BLM), 2013 WL 3992963, at *3 (S.D. Cal. Aug. 5, 2013) ("The subpoena should be tailored to request only information reasonably necessary to address specific issues in the case.") (*citing Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 813 (9th Cir. 2003)).[8]

Courts routinely quash subpoenas that request information merely tangential to the central issues of a case. *See, e.g. Moon*, 232 F.R.D. at 637 (granting motion to quash subpoena seeking tangential information as imposing an "undue burden," reasoning that "[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party"). Here, without justification, Dell demands "all documents" in fifteen of its twenty-two document requests. *See AngioScore*, 2014 WL 6706873, at *3 (granting motion to quash based in part on the overbreadth of the documents requested and the deposition topics); *see also Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 51 (S.D.N.Y. 1996) (quashing subpoena seeking "all documents" in antitrust action because it "comports with neither the letter nor the spirit of the federal discovery rules").

Even the requests that do not demand "all documents" still seek irrelevant information. For example, Request No. 12 and Topic No. 13 demand information related to "Apple's competitors for the market for MP2, MP3, and DVD productions, including but not limited to, MP3 players, DVD players, and MP2, MP3, and DVD products contained in personal computers." Cannom Decl. at ¶ 2, Ex. A at 9, 14. These demands (again, unbounded in time) seek Apple's internal analysis as to who it believes are Apple's competitors in the MP2, MP3, and DVD marketplace. Such documents and testimony have absolutely no bearing on the underlying dispute. Because the subpoena demands "documents [that] are not relevant nor

---

Apple would not be able to adequately prepare its witnesses for deposition without a burdensome collection and review of as yet unknown materials.

[8] Dell's recent conditional compromise does not alter this calculus. Indeed, Apple, as a non-party, should not be forced to prepare witnesses on documents that are not in its possession, that span twelve years, and about which Apple's opinions are immaterial to the underlying dispute.

NON-PARTY APPLE INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
- 11 -

calculated to lead to the discovery of admissible evidence," "*any burden whatsoever*" imposed on Apple is undue. *Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) (emphasis in original); *see also Concord Boat Corp*, 169 F.R.D. at 51.

That Dell has identified the 2006 Side Letter between Apple and the Counter-Defendants as arguably supporting Dell's allegations in the underlying litigation does not change this calculus. Indeed, Apple is not a party to this litigation. The information sought from Apple, particularly the Apple internal information, appears to be a fishing expedition for potential future litigation. The Court should therefore quash the subpoena in its entirety.[9]

### C. The Discovery Sought Is Not Proportional to the Needs of the Case

Recent amendment to the Federal Rules of Civil Procedure requires that all discovery be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). This amendment is designed to discourage discovery overuse, especially with non-parties. Fed. R. Civ. P. 26(b)(1) Advisory Committee's Note. The discovery sought here is clearly not "proportional to the needs of the case." Indeed, much of the information sought is available from parties to the underlying litigation. And the information sought regarding testimony relating to Apple internal documents—all of which at this point are privileged—is not sufficiently important to resolving the underlying issues to warrant burdening Apple with having to complete the document review that is underway and with preparing for and providing testimony. *See, e.g., Arista Records*, 2011 WL781198, at *3 (large burden of identifying and producing internal communications of a non-party vastly outweighs any value of such documents to the subpoenaing party); *Lemberg Law LLC*, 2016 WL 3231300 at *5-6 (granting lawyer's motion to quash subpoena that sought privileged information). This is especially true where, as here, the five individuals that Dell has identified as having relevant information and/or from whom Dell seeks testimony are all

---

[9] That the underlying litigation is pending in another judicial district weights in favor of quashing—not modifying—the subpoena. *Concord Boat Corp.*, 169 F.R.D. at 54 (refusing to modify a subpoena pursuant to Rule 45 where half of the requests are vague, inexplicit, and overbroad because the underlying litigation "is pending in a distant jurisdiction, subject to other discovery orders of which this Court is unaware, and based on facts about which this Court knows little").

NON-PARTY APPLE INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
- 12

attorneys and any internal communications with these individuals is likely privileged. *See Trunk*, 2007 WL 2701356, at *7 ("The minimal benefit that would be derived from allowing [plaintiffs] to depose [the subpoenaed attorney] for the purpose of gleaning cumulative historical information is outweighed by the need to respect the attorney-client privilege, prevent unreasonably duplicative discovery and protect against annoyance and undue burden."). With less than a month left in discovery in the underlying litigation, the Court should not entertain Dell's improper exploratory mission, and should instead quash the subpoena in its entirety.

### D. The Court Should Sanction Dell or Shift Apple's Cost of Compliance to It

Parties and the Court have a duty to protect non-parties subject to a subpoena from undue burden and expense. *See* Fed. R. Civ. P. 45(d)(1), (d)(2)(B)(ii), (d)(3)(C); *see Moon*, 232 F.R.D. at 637-38 (C.D. Cal. 2005). In doing so, not only must the Court shift a non-party's costs of compliance with a subpoena if those costs are "significant," but the Court must sanction a party that fails to take reasonable steps to protect a third-party from undue burden or expense. *See* Fed. R. Civ. P. 45(d)(1); 45(d)(2)(B)(ii).

Apple has gone above and beyond to attempt to comply with the subpoena with little assistance from Dell. Indeed, Apple has already incurred expenses in excess of the $20,000 threshold set by the Ninth Circuit in comply with the subpoena in an attempt to appease Dell and avoid motion practice. Cannom Decl. ¶ 19. Apple will only incur more fees because of Dell's recent change of heart regarding depositions and its refusal to withdraw the subpoena. In view of the foregoing, sanctions against Dell are appropriate. If the Court does not sanction Dell, it should in the very least shift Apple's costs of compliance to Dell. *Legal Voice,* 738 F.3d. at 1186.

### IV. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court quash the subpoena because it subjects Apple to an undue burden, seeks information that is available through party discovery, seeks large swaths of privileged information, is overbroad, and is not proportional to the needs of the case. Apple further requests that the Court sanction Dell for failing to take

1 | reasonable steps to protect non-party, Apple. Should the Court elect instead to modify the
2 | subpoena, Apple respectfully requests that, pursuant to Rule 45 of the Federal Rules of Civil
3 | Procedure, any costs of compliance be shifted to Dell.

Dated this 23rd day of December, 2016     WALKER STEVENS CANNOM YANG LLP

_____/s/ Hannah L. Cannom_____
Hannah L. Cannom

*Attorneys for Non-Party Apple Inc.*